IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IT'S GREEK TO ME, INC. dba GTM
SPORTSWEAR AND HANESBRANDS,
INC., as plan administrator of the
GTM EMPLOYEE HEALTH CARE PLAN,

      Plaintiffs,

  v.                No. 17-4084-SAC

JEFFREY S. FISHER, and
BRETZ & YOUNG, LLC,

      Defendants

MEMORANDUM AND ORDER

    The case comes before the court on the "motion for temporary restraining order and upon notice and hearing, preliminary injunction," (ECF# 19), filed by the plaintiffs It's Greek to Me, Inc. dba GTM Sportswear and Hanesbrands, Inc. ("plan administrator"). The movants apparently intended that this motion and accompanying memorandum would be filed and decided without notice or participation from the defendants, as they included no certificate of service on their filings. The movants, however, did not execute an ex parte electronic filing, so the defendants should have received electronic notice of these filings. Having paid medical expenses or benefits in the amount of $146,726.61 under a health care plan to Jeffrey S. Fisher ("Fisher") resulting from his injuries sustained in an automobile accident on October 5, 2014, the plan administrator is seeking, *inter alia*,

equitable relief and the imposition of a constructive trust and/or equitable lien for funds in the possession or constructive possession of Fisher or his law firm, Bretz & Young, LLC, ("Firm") which represented him in the personal injury action brought for the October 2014 automobile accident from which Fisher recovered settlement proceeds. The plan administrator is now asking the court to grant a temporary restraining order ("TRO") that would require the defendants to deposit with the court those settlement proceeds recovered in Jeffrey S. Fisher's personal injury case in the amount of $146,726.61 or that would require the defendants to hold this amount in the Firm's IOLTA trust account pending final resolution of this matter. ECF# 19.

For an ex parte TRO, the movant must satisfy two prerequisites. First, "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The Supreme Court in *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423 (1974), notes the exceptional circumstances needed to justify an ex parte proceeding:

> The stringent restrictions imposed . . . now by Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, *cf. Carroll v.*

2

> *President and Commissioners of Princess Anne*, 393 U.S. 175, 180, 89 S.Ct. 347, 351, 21 L.Ed.2d 325 (1968), but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Id.* at 438-39 (footnotes omitted). Where a plaintiff seeks such relief without notice to a known and locatable adverse party or without an opportunity for the known and locatable adverse party to be heard, he should be able to show that notice would result in immediate, irreparable harm such that notice would "render fruitless the further prosecution of the action." *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Presently, the plan administrator's motion fails to meet the prerequisites for a TRO. Strict compliance with these requirements is expected. *Commercial Security Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972) ("We can only reiterate that Rule 65 must be strictly complied with."). The movant's filings fail to show the immediate and irreparable harm, that is, how the prosecution of this action would be rendered fruitless, if both notice and an opportunity to be heard were given the defendants and the matter was promptly decided. There are no facts and circumstances presented showing that the risk of harm over the next couple of weeks is uniquely different or greater than the risk of harm that has existed since the plan administrator filed this action nearly three months ago. The court does not believe it can reasonably entertain essentially an ex parte TRO motion under such circumstances. Put simply, the movant's filings

3

and conduct to date do not satisfy the prerequisites of Rule 65(b)(1) and lack the kind and quality of exceptional circumstances that warrant a TRO.

At the same time, the plaintiff's amended complaint includes serious and substantial allegations. It is also troubling that the defendants are apparently refusing to protect against the dissipation of these settlement proceeds in light of *Montanile v. Board of Trustees of Nat. Elevator Industry Health Benefit Plan*, ---U.S.---, 136 S.Ct. 651, 660 (2016) ("the plaintiff must still identify a specific fund in the defendant's possession to enforce the lien.") Thus, the court shall promptly conduct a hearing on the plaintiffs' motion which this court will now treat as seeking a preliminary injunction. The plaintiffs shall modify their motion appropriately and serve it on the defendants no later than December 19, 2017. The defendants shall have until December 28, 2017, to file any response. The court shall conduct any required hearing on the motion on January 3, 2018, at 10 a.m.

IT IS THEREFORE ORDERED that the plaintiffs' motion for a TRO without notice and an opportunity for the defendants to oppose it (ECF# 19) is denied, but without prejudice to the plaintiffs' modifying their motion into seeking a preliminary injunction and serving the same no later than December 19, 2017. The defendants shall have until December 28, 2017, to file any response. The court shall conduct any required hearing on the motion for preliminary injunction on January 3, 2018, at 10 a.m.

Dated this 15th day of December, 2017 at Topeka, Kansas.

<div style="margin-left: 2em;">
<u>s/Sam A. Crow</u>  
Sam A. Crow, U.S. District Senior Judge
</div>

6