# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IT'S GREEK TO ME, INC. d/b/a GTM ) <br> SPORTSWEAR and HANESBRAND, INC. ) <br> as plan administrator of the GTM ) <br> EMPLOYEE HEALTH CARE PLAN, ) <br>                                                       ) <br>              **Plaintiffs,** ) <br>                                                       ) <br> v.                                                    ) <br>                                                       ) <br> JEFFREY S. FISHER and BRETZ & ) <br> YOUNG, LLC, ) <br>                                                       ) <br>              **Defendants.** ) <br> _____ ) | **CIVIL ACTION** <br><br> **No. 17-4084-KHV** |

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

On September 18, 2017, administrators of the GTM Employee Health Care Plan ("the Plan") filed suit against Jeffrey S. Fisher and Bretz & Young, LLC. Complaint (Doc. #1). Plaintiffs seek damages and equitable relief, claiming that defendants failed to remit to the Plan funds recovered in a personal injury lawsuit. Id. On March 20, 2018, Bretz & Young served a Rule 68, Fed. R. Civ. P., offer of judgment on plaintiffs. Certificate Of Service (Doc. #51). On March 28, 2018, plaintiffs accepted the offer and filed Plaintiffs' Notice Of Acceptance Of Defendant Bretz & Young, LLC's Offer Of Judgment (Doc. #52).[1] On April 13, 2018, notwithstanding the fact that neither the Court nor Clerk had entered judgment, plaintiffs and Bretz & Young filed a Joint Satisfaction Of Judgment (Doc. #53). This notice stated that Bretz & Young had provided payment

---

[1] Shortly after plaintiffs filed their notice of acceptance, chambers received a call from counsel. In the call, counsel indicated a desire to delay entry of judgment pursuant to Rule 68(a) because of ongoing settlement discussions which could resolve all claims in the case. Counsel was instructed to file a motion to that effect but did not do so.

to plaintiffs to resolve all claims against it and that "the judgment is satisfied in full and the case against Bretz & Young, LLC, shall be dismissed with prejudice." Id.

Under Rule 68(a), the clerk must enter judgment upon the filing of an offer of judgment, notice of acceptance of such offer and proof of service. Fed. R. Civ. P. 68(a). However, when a Rule 68(a) offer of judgment directs entry of judgment against fewer than all the claims or parties, the Clerk's judgment can be revised at any time before the adjudication of all claims in the suit under Rule 54(b). Fed. R. Civ. P. 54(b). Accordingly, in cases such as this, where the offer of judgment contemplates a final, non-revisable judgment, the Court should enter judgment under Rule 54(b), Fed. R. Civ. P. See Suenos, LLC v. Goldman, No. CV10-1034-TL, 2011 WL 13119331, at *1 (D. Ariz. Nov. 17, 2011) (offer of judgment which does not involve all parties or claims requires entry of judgment pursuant to Rule 54(b)); see Brown v. Patelco Credit Union, No. 09-CV-5393, 2010 WL 5439714, at *3 (N.D. Ill. Dec. 28, 2010) (construing offer of judgment as Rule 54(b) judgment); see Acceptance Indem. Ins. Co. v. Se. Forge, Inc., 209 F.R.D. 697, 700 (M.D. Ga. 2002) (entry of judgment against fewer than all parties pursuant to offer of judgment requires Rule 54(b) findings).

Rule 54(b) provides as follows:

[w]hen an action presents more than one claim for relief . . . or <u>when multiple parties are involved</u>, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties <u>only if the court expressly determines that there is no just reason for delay</u>. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). District courts do not routinely enter Rule 54(b) judgments. Okla. Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001). In making a Rule 54(b)

determination, a district court should exercise its discretion "in the interests of sound judicial administration" by preventing piecemeal appeals. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956)).  To enter judgment under Rule 54(b), the Court must find that there (1) has been a final decision as to one claim or one party and (2) is no just reason to delay entry of judgment.  See Jordan v. Pugh, 425 F.3d 820, 827 (10th Cir. 2005); see also Okla. Turnpike Auth., 259 F.3d at 1242.  "No precise test has been developed for determining whether just cause exists for delay, but generally courts have weighed Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay."  United Bank of Pueblo v. Hartford Acc. & Indem. Co., 529 F.2d 490, 492 (10th Cir. 1976) (quotation and citation omitted); see also Jordan, 425 F.3d at 827 (no "bright-line rule").

The Rule 68(a) offer of judgment which plaintiffs accepted purports to "resolve all claims against Defendant Bretz & Young."  Offer Of Judgment (Doc. #52-1) filed March 28, 2018.  Thus, if the Clerk enters judgment, such judgment would represent the final adjudication of all claims against Bretz & Young.  Further, because plaintiffs and Bretz & Young have stipulated to judgment upon mutually-agreeable terms, it presents little risk of appeal.  See Suenos, 2011 WL 13119331, at *1 (no danger of appeal when settlement); see also Apkins v. Atl. Marine, Inc., No. 05-0456-WS-B, 2006 WL 2135789, at *3 (S.D. Ala. July 28, 2006) (same).  The Court orders all parties to show cause why final judgment on those claims should not be entered.  The parties shall respond to this order to show cause on or before **Monday**, **April 30, 2018.**

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2018 at Kansas City, Kansas.

>                             s/ Kathryn H. Vratil
>                             Kathryn H. Vratil
>                             United States District Judge